UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID CARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | No. 1:12-cv-01795-SEB-DKL |
| CAPITAL IMPROVEMENT BOARD OF ) | |
| MANAGERS OF MARION COUNTY, ) | |
| INDIANA, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on the Motion to Dismiss [Docket No. 12], filed by Defendant, Capital Improvement Board of Managers of Marion County, Indiana ("CIB"), on February 12, 2013, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, David Carnes, brings this claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Family Medical Leave Act ("FMLA"), alleging that CIB, his former employer, terminated him in retaliation for complaints he made to the human resources department regarding sexual comments allegedly made to him by his supervisor and for taking FMLA leave. Approximately ten days after the filing of Defendant's Motion to Dismiss, on February 21, 2013, Mr. Carnes filed his First Amended Complaint and, on that same date, his response to Defendant's motion to dismiss, directing his arguments therein to the allegations contained in the Amended Complaint. Defendant subsequently filed its reply, likewise addressing its

1

arguments to the allegations set forth in the Amended Complaint. Accordingly, we find that Plaintiff's filing of the Amended Complaint has not rendered Defendant's motion to dismiss moot, and we shall apply the parties' arguments to the allegations set forth in that document. For the reasons detailed below, we <u>GRANT IN PART</u> and <u>DENY IN PART</u> Defendant's Motion to Dismiss.

## **Factual Background**

Mr. Carnes was employed with CIB for twenty-three years as a pipefitter until his termination on August 6, 2012. In Mr. Carnes's Amended Complaint, he alleges that in 2005 his supervisor "directed obscene comments of a sexual nature" at him and cursed him for taking a break. Am. Compl. ¶ 8. Mr. Carnes reported the incident to CIB's human resource department and claims that, following his complaint, CIB began to treat him "in an adverse manner" and "less favorably" than similarly situated employees. *Id.* ¶ 11.

Mr. Carnes also alleges that beginning in 2007 he took intermittent leave under the FMLA on several occasions during a five-year period. *Id.* ¶¶ 12-13. Upon his return from his last period of intermittent leave in the middle of 2012, Mr. Carnes maintains that he was told by CIB's director of human resources that his use of FMLA leave "was a source of contention and concern" for CIB's CEO, Barney Levengood. *Id.* ¶ 14.

On July 31, 2012, Mr. Carnes accidentally backed into a uniform locker during the course of his employment, which incident he reported to CIB the following day. However, CIB terminated him on August 6, 2012, for allegedly failing to report the accident. *Id.* ¶¶ 15-20.

## Legal Analysis

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A]t some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."[1] *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that

---

[1] Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). Under Seventh Circuit law, the statement must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Hillingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (internal citations omitted).

reasonably may be drawn from those facts in the light most favorable to the non-movant. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003); *Szumny v. Am. Gen. Fin.*, 246 F.3d 1065, 1067 (7th Cir. 2001).

## II.     Title VII Retaliation Claim

Mr. Carnes has failed to adequately allege a Title VII retaliation claim.  First, the Amended Complaint fails to include any indication that Mr. Carnes's 2005 report to human resources of discrimination and harassment was based on his membership in a protected class or that he had engaged in protected activity as required for a claim of retaliation under Title VII.  Although Mr. Carnes alleges that he complained about his supervisor directing "obscene comments of a sexual nature" toward him, even assuming that Mr. Carnes's sex is the protected classification, Mr. Carnes does not allege that those comments were directed at him *because of* his sex.  *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) ("Although filing an official complaint with an employer may constitute statutorily protected activity under Title VII, the complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class.") (citation omitted).

Even if Mr. Carnes had properly alleged that he engaged in protected activity as defined under Title VII, the facts he alleges with regard to the element of causation are insufficient to state a claim for retaliation.  The Amended Complaint alleges nothing more than a mere temporal relationship between his complaint to human resources and CIB's termination of his employment.  Although temporal proximity is one factor to consider in assessing causation, "standing on its own, [it] is insufficient to establish a

causal connection for a claim of retaliation." *Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 549 (7th Cir. 2008) (citation omitted).  Moreover, the time period between his report of harassment in 2005 and his termination in 2012 is seven years, which as a matter of law is insufficient to support a finding of a connection between the two events.[2]  *See, e.g.*, *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1010 (7th Cir. 2000) (holding that one-year interval between protected expression and termination, standing alone, is too long to raise an inference of discrimination).

### III.     FMLA Claim

Although a close question, we find that Mr. Carnes has adequately pled a FMLA retaliation claim.  Defendant again argues that, similar to his Title VII retaliation claim, Mr. Carnes relies solely on temporal proximity to allege causation for his FMLA retaliation claim, which it contends is insufficient to state a claim for relief.  Mr. Carnes's allegations are admittedly sparse, but we think sufficiently substantive, particularly at this early stage in the litigation, to provide Defendant notice of the claim.  Specifically, Mr. Carnes has alleged that he first took FMLA leave in 2007 and that he continued to take "intermittent" FMLA leave "several" times over the next five years.  Mr. Carnes further alleges that, following his most recent FMLA leave in mid-2012, he was told by Defendant's Director of Human Resources that his use of FMLA leave was "a source of contention and concern" for Defendant's CEO.  The timeframe is not sufficiently

---

[2] It is true that Mr. Carnes cursorily alleges that he was treated in an "adverse manner and less favorably than similarly situated employees" throughout those seven years following his complaint to human resources, but this bare assertion is "nothing more than a 'formulaic recitation of the elements,'" (*Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555)), which is insufficient to meet even the liberal, Rule 8 notice pleading standard.

developed in the Amended Complaint to allow us to know for sure, but it appears that Mr. Carnes is alleging that he was terminated not long after his conversation with human resources.

Taking these allegations as true, we find that Mr. Carnes has pled sufficient facts to survive Defendant's motion to dismiss. As noted above, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251 (citation omitted). Here, viewing the facts in the light most favorable to Mr. Carnes, as we are required to do at this stage in the litigation, we can imagine ways in which the facts could be developed (e.g., depending on the specific number of times Mr. Carnes used FMLA leave in the five years before he was terminated and exactly how close in time Mr. Carnes's termination came after his last use of FMLA leave and/or his conversation with human resources in which he was told that Defendant's CEO was concerned about his use of FMLA leave), that could plausibly support a claim for relief under the FMLA. Whether Mr. Carnes can prove his FMLA retaliation claim remains to be seen, but that is not the question before us at the motion to dismiss stage.

### IV. Conclusion

For the reasons detailed above, Defendant's Motion to Dismiss is <u>GRANTED IN PART</u> as to Plaintiff's Title VII retaliation claim, which is dismissed with prejudice, and <u>DENIED IN PART</u> as to Plaintiff's FMLA retaliation claim.

IT IS SO ORDERED.

Date: _____07/23/2013_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrew W. Gruber
BINGHAM GREENEBAUM DOLL LLP
agruber@bgdlegal.com

David M. Henn
HENN LAW FIRM P.C.
david.henn@hennlawonline.com

Paul J. Cummings
HENN LAW FIRM PC
Paul.Cummings@HennLawOnline.com